UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| Joshua A, a minor, by and through Jorge A., his guardian *ad litem*,<br><br>           Plaintiff,<br>     v.<br><br>Rocklin Unified School District, and Does 1-25<br><br>           Defendants. | No. CV 07-01057 LEW(KJMx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff, Joshua A, filed a Motion for Partial Summary Judgment on February 9, 2008. Defendant filed an Opposition on February 22, 2009. This matter was taken under submission by the Court, on February 28, 2008. Having considered all documents filed in connection with this Motion, including Plaintiff's Reply, the Court **NOW FINDS AND RULES AS FOLLOWS:**

///

///

A.   **Legal Standard**

   1. Jurisdiction

   This Court has jurisdiction to hear disputes under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(A). However, jurisdiction is historically as a reviewing court for an underlying decision by the state educational agency. See 20 U.S.C. § 1415(i)(2)(A).

   2.   Standard of Review

   The standard of review for the Court's review of an administrative hearing decision arising under the IDEA is set forth in the IDEA at 20 U.S.C. section 1415(e)(2), which provides as follows:

> In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

This standard requires that "due weight" be given to the administrative proceedings. Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 206,

102 S. Ct. 3034, 3050 (1982). The amount of deference so accorded is subject to the court's discretion. Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987). In making that determination, the thoroughness of the ALJ's findings should be considered, with the degree of deference increased where said findings are "thorough and careful." Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 892 (9th Cir. 1995), citing Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir. 1994).

**III.   ANALYSIS**

    1. Due Deference is Owed to the ALJ Decision

    Plaintiff argues that the Court should not defer to the ALJ's findings citing four reasons: (1) that the ALJ's decision includes inaccurate factual findings; (2) that the ALJ ignored key testimony; (3) that three exhibits are missing from the Administrative record; and (4) that portions of the ALJ's decision are similar to a decision rendered by a different ALJ in a different case. (See Mot. at 14-26.)

    Each of these arguments are without substantial merit. While the Court does concede that there appear to be some factual inaccuracies, none of the

inaccuracies to which Plaintiff takes issue would have formed the basis of the ALJ's decision. Indeed, most, if not all, of these inaccuracies amount to little more than typographical errors.

The record demonstrates that the ALJ carefully considered the facts of Plaintiff's educational care. The ALJ examined the qualifications of each of the professionals who played a role in Plaintiff's educational plan.  The record also reflects that the ALJ reviewed and relied on the testimony and evidence introduced by both parties.

Similarly, Plaintiff's contention that the ALJ improperly weighed the evidence presented at the administrative hearing is without merit.  The ALJ is in the best position to weigh the credibility of the witness testimony and the documentary evidence because he directly heard and observed the testimony of each of the witnesses at hearing.  Judge Geren fully explained the basis for the inferences he drew from the testimony and from the documentary record.  By way of example only, Judge Geren explained that Ms. DiRegolo's testimony was given considerable weight based on her experience, as well as her demeanor, manner, and attitude when testifying. (See OAH Decision, AR pg. 7.) At its most basic level, Plaintiff's argument is that he

4

doesn't agree with how the ALJ viewed the evidence, that is not reason enough to disregard the ALJ's determination.

Finally,[1] Plaintiff asserts that the ALJ decision should be afforded no deference because the instant decision used similar, and at times identical language, to a decision from another case. (Mot. at 18.)

In his decision, ALJ Geren made 16 "Conclusions of Law." Plaintiff maintains that six of the 16 were borrowed from <u>Student v. Pajaro Valley Unified Sch. Dist</u>. Additionally two footnotes, one specific to the arguments put forth by Plaintiff, were copied verbatim. Plaintiff contends that these facts raises concerns regarding the impartial and thorough analysis that the administrative hearing officer is required to conduct under the IDEIA. "Such corner cutting behavior on the part of the ALJ should be weighed in determining how much weight to give to the decision of the administrative hearing officer." (Mot. at 20.)

Even if this Court assumes arguendo that the language was borrowed from a similar case, there is no

---

[1] Plaintiff's argument that the fact that three trial exhibits are missing should persuade this Court to ignore the ALJ decision is not supported by the evidence.

5

indication that the conclusions were incorrect, or that the conclusions of law were not well founded. Absent some showing that the ALJ's decision was not well reasoned, it should be afforded deference.

Based on the above analysis, the ALJ decision will be awarded substantial deference.

2. <u>District Has Met Its Burden of Proving the 2006-2008 IEP Offers Plaintiff A Free Appropriate Public Education</u>

In this matter, the ALJ made specific findings that the District prevailed on all issues in dispute, noting that the District offered Plaintiff a FAPE with respect to: (a) the 14 proposed goals; (b) the supervision and aide supports; (c) the proposed transition plan; and (d) the eclectic methodology. In challenging the ALJ's findings, Plaintiff claims the IEP at issue denied him FAPE because it does not offer an ABA program.

According to the definitions contained in the Act, a "free appropriate public education" consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child "to benefit" from the instruction. <u>Bd. of Educ. v. Rowley</u>, 458 U.S. 176, 189 (U.S. 1982).

The purpose of the Education of the Handicapped Act was to "open the door of public education to handicapped children on appropriate terms [rather] than to guarantee any particular level of education once inside." (Id. at 192.) The Court determined that a student's IEP must be reasonably calculated to provide the student with some educational benefit, but that the IDEA does require school districts to provide special education students with the best education available or to provide instruction or services that maximize a student's abilities. (Id. at 198-200.) Indeed, the Rowley opinion sets forth the well-established principle that, as long as a district offers an appropriate educational program, the choice regarding the methodology used to implement the IEP is left to the district's discretion. Rowley, 458 U.S. at 208.

In Rowley, the United States Supreme Court expressed reluctance to interject itself into the methods and means of instruction used by a school system, stating "courts must be careful to avoid imposing their view of preferable education methods upon the states.

The District's program appears to have been tailored to Plaintiff's needs and based upon the District's belief that Plaintiff would make meaningful

7

benefit from the program.  The ALJ properly applied the legal standards and determined that while the District's IEP plan did not identify an ABA approach for Plaintiff's educational program for the 2006-2007 school year, it nonetheless satisfied the requirements of FAPE. (See OAH Decision, pg. 24-25.)

Plaintiff contends that this Court should consider the Rowley standard in light of more recent Congressional language inferring that "peer review research" services are required.  The Court declines to do so. It does not appear that congress intended that the service with the greatest body of research be used in order to provide FAPE. Likewise, there is nothing in the Act to suggest that the failure of a public agency to provide services based on peer-reviewed research would automatically result in a denial of FAPE.

As other Ninth Circuit courts have noted, if Congress intended to modify the Rowley standard, it would have said so.  San Rafael Elementary School District v. California Special Education Hearing Ofice, 482 F. Supp. 2d 1152, (N.D. Cal. 2007.) Indeed, in 2006, the Ninth Circuit reaffirmed the FAPE standard - whether the proposed educational program is "reasonably calculated" to provide educational benefit. Park v. Anaheim Union High School District, 464 F.3d 1025, 1031

8

(9th Cir. 2006.) The applicable legal standard, as set forth in Rowley, is the controlling law and was followed by the ALJ in ruling on the issues in the underlying case. (See OAH Decision, AR pg. 16-1 9.)

When applying the Rowley standard, District has met its burden in the instant matter. Plaintiff failed to provide any argument in regards to whether the record supports the ALJ's conclusion that the IEP at issue was designed to meet Plaintiff's areas of need. The ALJ found, and the record supports, that the annual goals proposed for Plaintiff for the 2006-2007 school year were appropriate for Plaintiff, as they were designed to meet his core areas of deficit and educational need. The ALJ properly found that the 14 annual goals were designed to meet all of Plaintiff's areas of need that resulted from his disability, as they were designed to address speech, conversational skills, expressive language, receptive language, social skills, social interaction, safety skills, attending skills, school readiness, and academics.

### IV. CONCLUSION

For the above reasons, Plaintiff's Motion for Summary Judgment is **DENIED**. With the exception of referring to minor discrepancies between the ALJ's decision and the record, Plaintiff has failed to make

9

the requisite showing to prevail in this matter. Instead, District demonstrated that the record supports the ALJ's decision.

**IT IS SO ORDERED.**

*/s/ Ronald S.W. Lew*

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATE: March 13, 2008

10